

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXX
ATTORNEY GENERAL

Honorable S. T. Phelps
County Attorney
Webb County
Laredo, Texas

Opinion No. O-6955
Re: In a city of over 10,000 how
can election officials permit veteran
or other person coming within the pro-
visions of Section 2A of Article VI of
the Constitution, to vote unless his
name appears upon the poll list for
the precinct?

Dear Sir:

Your request for opinion on the captioned subject has been given careful consideration.

Section 2A of Article VI of the Constitution was adopted by election on August 25, 1945, and reads as follows:

"Nothing in this Constitution shall be construed to require any person, who at the time of the holding of an election hereinafter referred to is, or who, within eighteen months immediately prior to the time of holding any such election was, a member of the armed forces of the United States or of the Armed Force Reserve of the United States, or any branch or component part of such armed forces or Armed Force Reserve, or the United States Maritime Service or the United States Merchant Marine, and who is otherwise a qualified voter under the laws and Constitution of this state, to pay a poll tax or to hold a receipt for any poll tax assessed against him, as a condition precedent to his right to vote in any election held under the authority of the laws of this state, during the time the United States is engaged in fighting a war, or within one year after the close of the calendar year in which said war is terminated.

"Provided, however, that the foregoing provisions of this section do not confer the right to vote upon any person who is a member of the regular establishment of the United States Army, Navy, or Marine Corps; and provided further, that all persons in the armed forces of the United States, or the component branches thereof, not members of the regu- lar establishment of the United States Army, Navy, or Marine Corps, are hereby declared not to be disqualified from vot- ing by reason of any provision of sub-section 'Fifth' of Section 1, of this Article."

In Opinion No. O-6821, construing such amendment, we held that the statutes relating to the issuance of exemption certificates (Articles 2968, as amended 1945, and 2968a, R.S. 1925) apply only to those persons who are exempt by law from the payment of a poll tax, and that since this amendment does not seek to exempt anyone from the payment of the poll tax levied by other sections of the Constitution, the persons named therein are not entitled to have exemption certificates issued to them under either of the above-named statutes. We held further that this amendment exempts the named persons from the provisions of Section 2 of Article VI of the Constitution (which require that any voter who is subject to pay a poll tax shall have paid said tax before offering to vote at any election and to hold a receipt showing that said tax was paid before the first day of February next preceding such election) and from the provisions of Article 3004 (providing that no citizen shall be permitted to vote unless he first presents to the judge of the election his poll tax receipt or exemption certificate issued to him before the first day of February of the year in which he offers to vote).

Since the persons named in this amendment need not pay a poll tax prior to voting, and are not entitled to a certificate of exemption, their names would not appear on the list of voters prepared by the Tax Collector under Article 2975, which is furnished to the election officials of each precinct. This article requires the Collector to make a list "of citizens in each precinct who have paid their poll tax or received their certificates of exemption."

Under this state of affairs you present the following question:

"It is evident that the veteran votes, if at all by presentation of his certificate of honorable discharge, how, in a city of 10,000 or over, can the election officers of an election precinct in such a city, permit a veteran to vote unless his name and exemption certificate appear upon the poll list for the precinct as certified by the tax collector according to law?"

It is not necessary for the persons named in the quoted amendment to the Constitution to appear on the poll list in order to vote. These persons need only to present to the election officials proof satisfactory to such officials that they are persons coming within such amendment.

Very truly yours

APPROVED DEC 6 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS
By /s/ Arthur L. Moller
Arthur L. Moller
Assistant

ALM:db:lm

APPROVED OPINION COMMITTEE BY /s/ BWB CHAIRMAN